Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2403
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
IMAN HATAMI

AUG 29 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

IMAN HATAMI,

Plaintiff,

v.

PARAGON WAY, INC., a Texas corporation, WALTER A. COLLINS, individually and in his official capacity, and GARY E. WOOD, individually and in his official capacity,

Defendants.

Case No. C07 04475

COMPLAINT

DEMAND FOR JURY TRIAL

15 Unites States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

Plaintiff, IMAN HATAMI, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1.   This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

6. Plaintiff, IMAN HATAMI (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, PARAGON WAY, INC. (hereinafter "PARAGON"), is a Texas corporation engaged in the business of collecting debts in this state with its principal place of business located at: 2101 W. Ben White Boulevard, Suite 103, Austin, Travis County, Texas 78704-7517. PARAGON may be served as follows: Paragon Way, Inc., c/o Walt A. Collins, Registered Agent, 3532 Bee Cave Road, Suite 210, West Lake Hills, Travis County, Texas 78746-5473. The principal business of PARAGON is the collection of debts using the mails and telephone, and PARAGON regularly attempts to collect debts alleged to be due another. PARAGON is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

8. Defendant, WALTER A. COLLINS (hereinafter "COLLINS"), is a natural person and is or was an employee, agent, officer and/or director of PARAGON at all relevant times.

1 COLLINS may be served at his current business address at: Walter A. Collins, Paragon Way, Inc.,
2 2101 W. Ben White Boulevard, Suite 103, Austin, Travis County, Texas 78704-7517 and at his
3 residence address at: Walter A. Collins, 2300 Barton Creek Boulevard, #32, Austin, Travis County,
4 Texas 78735-1686. COLLINS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6)
5 and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that
6 COLLINS is liable for the acts of PARAGON because he sets and approves PARAGON collection
7 policies, practices, procedures and he directed the unlawful activities described herein.

8     9. Defendant, GARY E. WOOD (hereinafter "WOOD"), is a natural person and
9 is or was an employee, agent, officer and/or director of PARAGON at all relevant times. WOOD
10 may be served at his current business address at: Gary E. Wood, Paragon Way, Inc., 2101 W. Ben
11 White Boulevard, Suite 103, Austin, Travis County, Texas 78704-7517 and at his residence address
12 at: Gary E. Wood, 130 Clubhouse Drive, Lakeway, Travis County, Texas 78734-4607. WOOD
13 is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).
14 Plaintiff is informed and believes, and thereon alleges that WOOD is liable for the acts of
15 PARAGON because he sets and approves PARAGON collection policies, practices, procedures and
16 he directed the unlawful activities described herein.

17     10. At all times herein mentioned, each of the Defendants was an officer, director,
18 agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said
19 times, each Defendant was acting in the full course and scope of said office, directorship, agency,
20 service, employment and/or joint venture. Any reference hereafter to "Defendants" without further
21 qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

23     11. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred
24 a financial obligation that was primarily for personal, family or household purposes, namely a
25 consumer credit card issued by Monogram Credit Card Bank and bearing the account number ending
26 in 2880 (hereinafter "the alleged debt"). The financial obligation alleged to be owed to Monogram
27 Credit Card Bank by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a
28 "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

1  12. Sometime thereafter, on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

13. Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

15. The collection letter (Exhibit "1") is dated February 26, 2007.

16. On or about April 25, 2007, Plaintiff mailed a letter to Defendants which stated: "please be advised that I dispute this debt and refuse to pay."

17. A true and accurate copy of Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

18. Defendants received Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt (Exhibit "2") on or about April 28, 2007.

19. A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendants' receipt of Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

20. After receiving Plaintiff's letter notifying Defendants of his refusal to pay the alleged debt (Exhibit "2"), Defendants continued to communicate with Plaintiff in an attempt to collect the alleged debt.

21. Thereafter, Defendants sent a collection letter (Exhibit "4") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

23. The collection letter (Exhibit "4") is dated May 11, 2007.

24. The collection letter (Exhibit "4") was sent in an envelope on which a postage meter stamp dated May 15, 2007, was imprinted.

25.    Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the collection letter (Exhibit "4") in the United States Mail on or about May 15, 2007.

26.    Plaintiff received the envelope containing the second collection letter (Exhibit "4") from Defendants on or after May 17, 2007.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

27.    Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

28.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 26 above.

29.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

30.    Defendant, PARAGON, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

31.    Defendant, COLLINS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

32.    Defendant, WOOD, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

33.    The financial obligation allegedly owed to Monogram Credit Card Bank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

34.    Defendants have violated the FDCPA in the following respects:

    a.    Defendants continued to communicate with Plaintiff in an attempt to collect the alleged debt after receiving a written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c).

35.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

38. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 36 above.

39. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

40. Defendant, PARAGON, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

41. Defendant, COLLINS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

42. Defendant, WOOD, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

43. The financial obligation alleged to be owed to Monogram Credit Card Bank by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

44. Defendants have violated the RFDCPA in the following respects:

   a. Defendants continued to communicate with Plaintiff in an attempt to collect the alleged debt after receiving a written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c), as incorporated by Cal. Civil Code § 1788.17.

45. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

46. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars

1  ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

2      47.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C.§ 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

    48.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C.§ 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

    49.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c);

c. Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

f. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

g. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

h. Award Plaintiff such other and further relief as may be just and proper.

/ / /

/ / /

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    IMAN HATAMI

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, IMAN HATAMI, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.