1 TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
2 SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
3 San Francisco, CA 94104-4816
Telephone: (415) 283-1000
4 Facsimile:   (415) 352-2625
tnarita@snllp.com
5 jtopor@snllp.com

6 Attorneys for Defendants
Paragon Way, Inc., Walter A. Collins,
7 and Gary E. Wood

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

12 IMAN HATAMI,                          )  CASE NO.: C07 04475 RMW
                                         )
13                                       )
                                         )
14            Plaintiff,                 )  **ANSWER**
                                         )
15                                       )
       vs.                               )
16                                       )
                                         )
17 PARAGON WAY, INC., a Texas            )
Corporation, WALTER A.                   )
18 COLLINS, individually and in his      )
official capacity, and GARY E.           )
19 WOOD, individually and in his         )
official capacity,                       )
                                         )
20                                       )
           Defendants.                   )
                                         )
21                                       )

22

23

24

25

26

27

28

1        Defendants PARAGON WAY, INC. ("Paragon"), WALTER A. COLLINS

2   ("Collins") and GARY E. WOOD ("Wood"), (collectively, "Defendants") hereby

3   submit the following Answer to the Complaint filed in this action by plaintiff IMAN

4   HATAMI ("Plaintiff"):

5        1.    In answering Paragraph 1 of the Complaint, Defendants aver that the

6   contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the

7   Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* are

8   self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 1

9   are denied.

10       2.    In answering Paragraph 2 of the Complaint, Defendants admit that Plaintiff

11  alleges that jurisdiction of this Court arises under 15 U.S.C § 1692k(d), 28 U.S.C. §

12  1337 and that supplemental jurisdiction exists for Plaintiff's state law claims pursuant

13  to 28 U.S.C. § 1367.  Except as herein admitted, the remaining allegations of Paragraph

14  2 are denied.

15       3.    Denied.

16       4.    In answering Paragraph 4 of the Complaint, Defendants admit that Plaintiff

17  alleges that venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  Defendants

18  further admit that Paragon transacts interstate business with residents of the Northern

19  District of California.  Except as herein admitted, the remaining allegations of

20  Paragraph 4 are denied.

21       5.    In answering Paragraph 5 of the Complaint, Defendants admit that Plaintiff

22  alleges that this lawsuit should be assigned to the San Jose Division of this Court.

23  Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

24       6.    In answering Paragraph 6 of the Complaint, Defendants admit, on

25  information and belief, that Plaintiff is a natural person residing in Santa Clara County,

26  California.  Defendants lack sufficient knowledge to form a belief as to whether

27  Plaintiff's financial obligation at issue was incurred primarily for personal, family or

28  household purposes, and therefore can neither admit nor deny whether Plaintiff

1  qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) or as a "debtor" as

2  defined by Cal. Civ. Code § 1788.2(h).  On that basis, Defendants deny the allegations.

3  Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

4        7.    In answering Paragraph 7 of the Complaint, Defendants admit that Paragon

5  is a Texas Corporation with it's principal place of business located at 2101 W. Ben

6  White Boulevard, Suite 103, Austin, Travis County, Texas 78704-7517.  Defendants

7  further admit that Paragon has, at times, acted as a debt collector as defined by 15

8  U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c); that it uses the mail and telephone to

9  conduct its business; and that it has, at times, attempted to collect debts that are due to

10  others.  Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

11        8.    In answering Paragraph 8 of the Complaint, Defendants admit that Collins

12  is a natural person and is an employee of Paragon.  Except as herein admitted, the

13  remaining allegations of Paragraph 8 are denied.

14        9.    In answering Paragraph 9 of the Complaint, Defendants admit that Wood

15  is a natural person and is an employee of Paragon Way, Inc.  Except as herein admitted,

16  the remaining allegations of Paragraph 9 are denied.

17        10.    Denied.

18        11.    In answering Paragraph 11 of the Complaint, Defendants admit, on

19  information and belief, that Plaintiff incurred a financial obligation through the use of a

20  credit card account which was issued by Monogram Credit Card Bank under an account

21  number ending in "2880".  Defendants lack sufficient knowledge to form a belief as to

22  the remaining allegations of Paragraph 11 of the Complaint and on that basis, deny

23  them.

24        12.    In answering Paragraph 12 of the Complaint, Defendants admit that the

25  account was assigned to Paragon for collection.  Except as herein admitted, the

26  remaining allegations of Paragraph 12 are denied.

27        13.    In answering Paragraph 13 of the Complaint, Defendants admit that

28  Paragon sent a letter to Plaintiff dated February 26, 2007, the contents of which are

1  self-explanatory.  Defendants lack sufficient knowledge to form a belief as to whether

2  the financial obligation at issue was incurred primarily for personal, family or

3  household use and can neither admit nor deny whether the letter Paragon sent qualifies

4  as a "communication" as defined by 15 U.S.C. § 1692a(2).  On that basis, Defendants

5  deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph

6  13 are denied.

7      14.    In answering Paragraph 14 of the Complaint, Defendants admit that

8  Paragon sent a letter to Plaintiff dated February 26, 2007, the contents of which are

9  self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 14

10  are denied.

11      15.    In answering Paragraph 15 of the Complaint, Defendants admit that

12  Paragon sent a letter to Plaintiff dated February 26, 2007, the contents of which are

13  self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 15

14  are denied.

15      16.    In answering Paragraph 16 of the Complaint, Defendants presently lack

16  sufficient knowledge to form a belief as to whether Plaintiff mailed any letter to

17  Defendants and therefore cannot confirm or deny the allegations in Paragraph 16.

18      17.    In answering Paragraph 17 of the Complaint, Defendants presently lack

19  sufficient knowledge to form a belief as to whether Plaintiff mailed any letter to

20  Defendants and therefore cannot confirm or deny the allegations in Paragraph 17.

21      18.    In answering Paragraph 18 of the Complaint, Defendants presently lack

22  sufficient knowledge to form a belief as to whether Paragon received the letter on or

23  about April 28, 2007 and on that basis, deny the allegation.  Except as herein admitted,

24  the remaining allegations of Paragraph 18 are denied.

25      19.    In answering Paragraph 19 of the Complaint, Defendants presently lack

26  sufficient knowledge to form a belief as to the allegations, and on that basis,

27  Defendants deny them.

28

20.    Defendants deny, on information and belief, the allegations of Paragraph 20 of the Complaint.

21.    In answering Paragraph 21 of the Complaint, Defendants admit that Paragon sent a letter to Plaintiff dated May 11, 2007, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22.    In answering Paragraph 22 of the Complaint, Defendants admit that Paragon sent a letter to Plaintiff dated May 11, 2007, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

23.    In answering Paragraph 23 of the Complaint, Defendants admit that Paragon sent a letter to Plaintiff dated May 11, 2007, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 23 are denied.

24.    In answering Paragraph 24 of the Complaint, Defendants admit that it sent a letter to Plaintiff dated May 11, 2007, the contents of which are self-explanatory. Defendants lack sufficient knowledge to form a belief as to whether the postage meter stamp on the envelope containing that letter was dated May 15, 2007, and on that basis deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25.    In answering Paragraph 25 of the Complaint,  Defendants admit that Paragon's letter dated May 11, 2007 was deposited in the United States Mail.  Except as herein admitted the remaining allegations of Paragraph 25 are denied.

26.    In answering Paragraph 26 of the Complaint,  Defendants lack sufficient knowledge to form a belief as to the allegations in Paragraph 26, and on that basis deny them.

27.    In answering Paragraph 27 of the Complaint, Defendants admit that Plaintiff purports to bring his first claim for relief under the Fair Debt Collection

1   Practices Act, 15 U.S.C. § 1692 *et seq*.  Except as herein admitted, the remaining

2   allegations of Paragraph 27 are denied.

3        28.    Defendants incorporate by reference paragraphs 1-26 above, as if fully

4   stated herein.

5        29.    In answering Paragraph 29 of the Complaint, Defendants lack sufficient

6   knowledge to form a belief as to whether Plaintiff's financial obligation at issue was

7   incurred primarily for personal, family or household purposes, and therefore can neither

8   admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. §

9   1692a(3).  On that basis, Defendants deny the allegation.  Except as herein admitted,

10  the remaining allegations of Paragraph 29 are denied.

11       30.    In answering Paragraph 30 of the Complaint, Defendants admit that

12  Paragon has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6).

13  Except as herein admitted, the remaining allegations of Paragraph 30 are denied.

14       31.    Denied.

15       32.    Denied.

16       33.    In answering Paragraph 33 of the Complaint, Defendants lack sufficient

17  knowledge to form a belief as to whether Plaintiff's financial obligation at issue was

18  incurred primarily for personal, family or household purposes, and therefore can neither

19  admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5).  On

20  that basis, Defendants deny the allegation.  Except as herein admitted, the remaining

21  allegations of Paragraph 33 are denied.

22       34.    Denied.

23       35.    Denied.

24       36.    Denied.

25       37.    In answering Paragraph 37 of the Complaint, Defendant admits that

26  Plaintiff purports to bring his second claim for relief under the Rosenthal Fair Debt

27  Collection Practices Act, Cal. Civ. Code §§ 1788 -1788.33.  Except as herein admitted,

28  the remaining allegations of Paragraph 37 are denied.

1    38.    Defendants incorporate by reference paragraphs 1-36 above, as if fully

2    stated herein.

3    39.    In answering Paragraph 39 of the Complaint, Defendants lack sufficient

4    knowledge to form a belief as to whether Plaintiff's financial obligation at issue was

5    incurred primarily for personal, family or household purposes, and therefore can neither

6    admit nor deny whether Plaintiff qualifies as a "debtor" as defined by Cal. Civ. Code §

7    1788.2(h).  On that basis, Defendants deny the allegation.  Except as herein admitted,

8    the remaining allegations of Paragraph 39 are denied.

9    40.    In answering Paragraph 40 of the Complaint, Defendants admit that

10    Paragon has, at times, acted as a debt collector as defined by Cal. Civ. Code 1788.2(c).

11    Except as herein admitted, the remaining allegations of Paragraph 40 are denied.

12    41.    Denied.

13    42.    Denied.

14    43.    In answering Paragraph 43 of the Complaint, Defendant lacks sufficient

15    knowledge to form a belief as to whether Plaintiff's financial obligation at issue was

16    incurred primarily for personal, family or household purposes, and therefore can

17    neither admit nor deny whether it qualifies as a "consumer debt" as defined by Cal.

18    Civ. Code § 1788.2(f).  On that basis, deny the allegation. Except as herein admitted

19    the remaining allegations of Paragraph 43 are denied

20    44.    Denied.

21    45.    Denied.

22    46.    Denied.

23    47.    Denied.

24    48.    Denied.

25    49.    In answering Paragraph 49 of the Complaint, Defendants aver that the

26    contents of the Rosenthal Act, Cal. Civ. Code § 1788 *et seq*. are self-explanatory.

27    Except as herein admitted, the remaining allegations of Paragraph 49 are denied.

28

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
#### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE
#### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No Wilful Conduct)

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendants.

## SEVENTH  AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the debt.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE

### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants.  The liability, if any exists, of all Defendants and/or any responsible parties, named or unnamed, should be apportioned

1  according to their relative degrees of fault, and the liability of these Defendants should

2  be reduced accordingly.

3

4                          **TENTH AFFIRMATIVE DEFENSE**

5                              **(Supervening Cause)**

6         The causes of action in the Complaint are barred, in whole or in part, to the

7  extent that any injury or loss sustained was caused by intervening or supervening

8  events over which Defendant had or have no control.

9

10                        **ELEVENTH AFFIRMATIVE DEFENSE**

11                            **(Equitable Indemnity)**

12        To the extent that Plaintiff has suffered any damage as a result of any alleged act

13  or omission of Defendants, which Defendants deny, Defendants are entitled to

14  equitable indemnity according to comparative fault from other persons and/or entities

15  causing or contributing to such damages, if any.

16

17                         **TWELFTH AFFIRMATIVE DEFENSE**

18                                  **(Setoff)**

19        To the extent that Plaintiff has suffered any damage as a result of any alleged act

20  or omission of Defendants, which Defendants deny, Defendants are, on information

21  and belief, entitled to a setoff in the amount Plaintiff owes on his unpaid account,

22  including any recoverable interest and attorneys' fees.

23

24                      **THIRTEENTH AFFIRMATIVE DEFENSE**

25                              **(Not Debt Collector)**

26        Defendants Collins and Woods are not debt collectors under state or federal law.

27

28

---

HATAMI V. PARAGON WAY INC. ET AL. (CASE NO. C07 04475 RMW)
ANSWER                                                                        10.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendants' alleged conduct and communications in attempting to collect a debt is entitled to protection under the First Amendment of the Constitution of the United States.  Plaintiff's proposed interpretation of the provisions of the FDCPA must be rejected as they would place an unreasonable restraint upon the exercise of Defendants' rights, thereby raising serious constitutional issues.

WHEREFORE, Defendants request judgment as follows:

1.  That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.

2.  That Defendants recover from Plaintiff costs according to proof.

3.  That Defendants recover attorneys' fees according to proof.

4.  That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: September 18, 2007            SIMMONDS & NARITA LLP
                                     TOMIO B. NARITA
                                     JEFFREY A. TOPOR


                          By:    s/Tomio B. Narita
                                 Tomio B. Narita
                                 Attorneys for Defendants
                                 Paragon Way, Inc., Walter A. Collins
                                 and Gary E. Wood